*JOHNSON, Plaintiff in error, v. HAINES's Lessee.                    [*64

## Descent.

In every case of intestacy, the heir at common law will take the real estate, where its descent is not specifically altered by an act of assembly.(b)

Intestate died on the 13th February 1797, without issue, and leaving no widow, father, mother, brother, nor sister, but leaving nephews and nieces : *Held*, that the heir at common law was entitled to intestate's real estate, and that the act of assembly of the 19th April 1794, did not provide for this specific case.

IN ERROR from the Supreme Court.(c) The question arose upon the following facts, which, by agreement, were to be considered as if found by a special verdict.

"Ejectment for a house and lot in Germantown, of which Rebecca Vanaken died seised on the 13th of February 1797, intestate, and leaving no father, mother, child, grandchild, brother nor sister living. But the intestate had had brothers and sisters, who died under these circumstances : 1. Richard, who died without issue. 2. Catharine, who married Casper Wistar, and left issue, Richard, Margaret, Catharine, Rebecca, Sarah and Casper, of this family; Richard, Margaret and Rebecca are dead ; but all of

---

(b) This principle was adopted and confirmed in Preston v. Hopkins, 2 Yeates 545, and in Cresoe v. Laidley, 2 Binn. 279, but the rule has been abrogated by § 11 of the act of assembly of the 8th April 1833. (P. L. 319.)

(c) There had not been any opinion delivered in this case by the judges of the supreme court; but judgment was entered, by consent of the parties, to expedite the decision of the court of dernier resort.

them leaving issue.   3. Anne, who married ———— Lukens, and left issue,
John, Mary, Daniel, Derrick and Rebecca ; all of this family died in the life
of the intestate, but all of them left issue.   4. John, who died in the lifetime of
the intestate, but left issue Anthony (the plaintiff in error), John, Joseph
and Margaret ; and Margaret also died in the intestate's lifetime, leaving
issue.   5. Margaret, who intermarried with Reuben Haines, and left issue
Casper (the lessor of the plaintiff below), Catharine, Josiah and Reuben;
Josiah is dead, leaving one son, who is now alive ; and Reuben is dead,
without issue.   It was agreed, that Margaret, the daughter of Catharine, who
was the sister of Rebecca, died in the lifetime of the intestate.   And the
questions submitted to the court are, whether the plaintiff in error is entitled
to the whole of the premises ? and, if he is not, how the premises are to be
divided ?"

The plaintiff in error claimed the whole of the premises as heir-at-law of
the intestate : and the lessor of the defendant in error insisted, that the
premises ought to be divided, on the principles of the act of the assembly,
directing the descent of intestates' real estate.   (3 Dall. Laws, 521.)

.The ground of the claim of the *plaintiff* in error was, that the intestate
had died, leaving the lineal representatives of brothers and sisters, but with-
out leaving a father or mother, brother or sisters ; that the partition of
real estate was not provided for in such a case of intestacy, by any law
existing at the time of the intestate's death ; that this being a *casus omis-*
*sus* in the act *of assembly, the estate must descend to the heir at the
common law ; and that the legislature had themselves considered it
as a *casus omissus,* by passing a supplementary act to provide for it.   (4
Dall. Laws, 154.)   The first act was passed on the 19th of April 1794 ; the
second act was passed on the 4th of April 1797 ; but the intestate died
between the dates of those acts, on the 13th of February 1797.   The follow-
ing authorities were cited for the plaintiff in error : Chart. of Penn. § 6 ;
1 Dall. Laws, app'x, 21 ; Ibid. p. 723 ; Hale's Com. L. 148; 2 Bl. Com. 504 ;
3 Burr. 1634.

The *defendant* in error admitted, that there was no express provision of
the act of assembly, passed in 1794, precisely in all its words defining the
present case ; but contended, that the case was within the general policy
of the intestate law, which contemplates throughout, the partibility of
estates ; and that construing the law according to the spirit, policy and
intention of the makers, consistently with reason, and the best convenience,
the case was necessarily understood, implied and embraced in the frame
and operation of several of the sections of the law, which were cited and
analyzed.   The following authorities were cited for the defendant in error,
1 Plowd. 344 ; 2 Ibid. 414; 1 Bl. Com. 87 ; 10 Co. 58 ; 1 Dall. 351, 175 :
1 Ves. 421 ; 2 Eq. Abr. 245; 1 Str. 710; 2 Wils. 344; Burn. E. Law ; Hob.
346 ; Vaugh. 179 ; 2 Vern. 431 ; Plowd. 467.

The unanimous opinion of the Court was delivered, to the following effect,
by the Chief Justice, in the absence of Chew, President.

McKEAN, Chief Justice.—The intestate died, leaving the children of
several of her brothers and sisters, and a grandchild of one of her brothers :

and it is now made a question, whether her real estate shall be divided among these surviving relations, or descend entirely to her heir-at-law?

By the sixth section of the charter granted to William Penn, the laws of England "for regulating and governing of property, as well for the descent and enjoyment of lands, as for the enjoyment and succession of goods and chattels," were introduced and established in Pennsylvania, to continue until they were altered by the legislature of the province. The common law being, therefore, the original guide, and the plaintiff in error being the heir at common law, his title must prevail, unless it shall appear, that an alteration in the rule has been made, by some act of the general assembly.

Now, when the intestate died, there was but one law in existence on the subject, the law of the 19th of April 1794; and though the sixth section of that law provides for the case of a person dying intestate, leaving, "neither widow nor lawful issue, but leaving a father, brothers and sisters," it does not provide, nor does any other of the sections provide, for the case of a *person dying intestate, without lawful issue, and leaving no father or mother, brothers or sisters. The descent of the real estate, in this [*66 specific case, was not, therefore, altered or regulated by any act of the general assembly, when the estate was vested in the person entitled to take, at the death of the intestate.

It is probable, that if the case had been stated to the legislature, they would have directed the same distribution in the year 1794, that they have since done by the act of the year 1797 : and it is urged, that as there is equal reason for making such a distribution, where no father survives, as where a father does survive the intestate, the court ought, upon the obvious principle and policy of the law, to supply the deficiency. But it must be remembered, that the system of distributing real estates, in cases of intestacy, is an encroachment on the common law ; and wherever such an encroachment takes away a right, which would otherwise be vested in the heir-at-law, the operation of the statute should not be extended further, than it is carried by the very words of the legislature.

We are, upon the whole, unanimously of opinion, that the judgment below should be reversed ; and that judgment should be given for the plaintiff in error. (a)

(a) Lands entailed, and trust estates, descend, in Pennsylvania, according to the course of the common law. Goodright v. Morningstar, 1 Yeates 313; Lessee of Jenks v. Backhouse, 1 Binn. 279.